## WYLIE DIFFIE v. STATE.

No. A-6585.  Opinion Filed July 20, 1929.
(279 Pac. 709.)

Warren & Warren, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted on a charge that he did then and there willfully, wrongfully, and knowingly have and keep in his possession a still which was capable of being used to manufacture, ferment, and distill intoxicating liquor, to wit, whisky, without having properly registered the same with the United States officers and filing a certificate of registration, or a certified copy thereof, with the county clerk of Choctaw county, and was sentenced to pay a fine of $50 and be imprisoned in the county jail for 30 days. From the judgment and sentence the defendant has appealed to this court.

The testimony on behalf of the state shows that the officers went down to where the defendant and his wife were planting cotton near the river, and about 11 o'clock the defendant came down to a little thicket that was not in cultivation, and picked up a stick and stirred something that was in a barrel, and then picked up a cup and drank from the mash. The officers went to where Diffie was and found a still setting on the bank right close to where the barrels of mash were; Mr. Diffie and his wife had been planting cotton near where the still was found. On cross-examination the witness stated that defendant lived about two miles and a half from where they

found the still; "defendant told us he had possession of the land where the still was found."

The defendant testified in his own behalf, and stated he and his wife were planting cotton, and his wife told him she had seen someone there and he went down to see what it was; "that was the first time I had seen the still or barrels of mash; I did not have anything to do with them; I did not stir the mash, but I did drink from the barrel; it was not my mash." On cross-examination witness stated he and his wife were working in the field close to where the still was found; "I was working up north and south of where the still was found about 150 yards away, there was about an acre and a half laying out, and the still was located on that: I had bedded the land and was planting cotton;" the defendant denied he stirred the barrel of mash, and had never seen the still until the officers caught him; he stated that after he found the mash he intended to tell the law.

The wife of defendant testified she told her husband that she had seen something in the brush, and he said he would go and see what it was, and while there he was arrested; they lived two miles and a half from where the still was found; they were over there planting cotton. On cross-examination she stated they had been working in the field practically all year, off and on, bedding and cleaning up the ground, working pretty regular, and that she helped her husband all the time.

The defendant was then recalled, and stated he had learned after his arrest that John Murray was the owner of the still, and that Murray had been killed in Texas a short time after his arrest and prior to the time he was testifying. Defendant stated he told Officer Hopson that he had learned to whom the still belonged. The officer

was called and denied that defendant told him who owned the still, but stated that defendant had repeatedly stated to him that the still did not belong to him. This is in substance all of the testimony.

The testimony is conflicting: The state's testimony showing that defendant was found at the still drinking out of the mash barrels when the officers came upon him. The defendant admitted the possession of the land where the still and mash were located, but denies that he was the owner of the still or had anything to do with it, and states that after he was arrested he learned the still belonged to John Murray, who had been killed in Texas between the time of his arrest and the date of his trial.

The court properly instructed the law. This court has repeatedly held that where there was any competent testimony to sustain a conviction, though conflicting, it would not disturb the verdict of the jury. The evidence is sufficient to sustain the conviction. The defendant was accorded a fair and impartial trial.

There being no errors in the record prejudicial to the rights of the defendant, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.